```
                                                    FILED
                                        CLERK, U.S. DISTRICT COURT

                                             FEB 2 1 2008

                                        CENTRAL DISTRICT OF CALIFORNIA
                                        BY                      DEPUTY
```

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WASHINGTON,<br><br>     Petitioner,<br><br>  vs.<br><br>TONY HEDGPETH, WARDEN,<br><br>     Respondent. | CASE NO. CV 08-00831 VAP (RZ)<br><br>ORDER SUMMARILY DISMISSING<br>ACTION WITHOUT PREJUDICE |

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  This action will be summarily dismissed because Petitioner has filed a successive petition without first obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

Section 2244 of Title 28, part of the Antiterrorism and Effective Death Penalty Act, requires that the district court dismiss most successive habeas corpus petitions:

///

///

(b)(1)    A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

.    .    .

In *Felker v. Turpin*, 518 U.S. 651(1996), the Supreme Court noted that this statute transferred the screening function for successive petitions from the district court to the court of appeals.  This provision has been held to be jurisdictional; the district court

1  cannot entertain a successive petition without prior approval from the Court of Appeals.
2  *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th Cir. 2001)*; see also Pratt v. United States,*
3  129 F. 3d 54, 57 (1st Cir. 1997); *Pease v. Klinger,* 115 F. 3d 763 (10th Cir. 1997); *Nunez*
4  *v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  The district court therefore either must
5  dismiss a successive petition for lack of jurisdiction, or it may transfer the action, in the
6  interest of justice, to the court where the action properly could have been brought.  28
7  U.S.C. § 1631; *Pratt*, 129 F.3d at 57.

8          In the Petition before the Court, Petitioner Robert Washington seeks a writ
9  of habeas corpus, challenging his conviction for murder, for which he was sentenced to
10  life without parole, plus nine years.  Petitioner previously attacked the judgment under
11  which he was convicted, in *Washington v. Marshall*, CV 98-9157-LGB (RZ).  Ultimately,
12  the Court entered Judgment denying that application with prejudice on October 17, 2002.
13  Both this Court and the Court of Appeals denied a certificate of appealability.  The
14  Petition currently before the Court, file-stamped February 6, 2008, accordingly is a
15  successive petition. Petitioner has submitted no authorization from the Court of Appeals
16  for the filing of this successive petition; it is that Court, not this one, which Petitioner must
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1  convince. 28 U.S.C. § 2244(b)(3).  No factors appear which make it preferable to transfer
2  this case to the Court of Appeals, rather than dismissing it.

3          Accordingly, IT IS ORDERED that the Petition is dismissed without
4  prejudice.

6  DATED: *February 19, 2008*

8                                    *Virginia A. Phillips*
                                    VIRGINIA A. PHILLIPS
9                                    UNITED STATES DISTRICT JUDGE

11 Presented By:

13 RALPH ZAREFSKY
14 UNITED STATES MAGISTRATE JUDGE